UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARSHA A. WILLIS                                              CIVIL ACTION

VERSUS                                                        NO.  12-760-BAJ-RLB

EAN HOLDINGS, LLC, ET AL.

**ORDER**

Before the court is Plaintiff's Motion to Strike Insufficient Answer of EAN Holdings, LLC (rec. doc. 7).  The motion is opposed (rec. doc. 9).

Plaintiff's Amended and Supplemental Complaint contains allegations regarding an accident involving a rental car allegedly owned by EAN (rec. doc. 4).  Plaintiff is seeking to have EAN's Answer (rec. doc. 6) struck from the record on the ground that it contains denials that are "insufficient with regards to the facts alleged, and the identity and information and knowledge of the defendant" (rec. doc. 7, at 1).[1]

In support of its motion, Plaintiff asserts that EAN and its subsidiaries have "had sole investigative control" of the accident (rec. doc. 7, at 3).  Plaintiff argues that the Answer wrongly denies Plaintiff's allegations regarding the formation of the contract, the particulars of the accident, and subsequent discussions with two of EAN's subsidiaries, ELCO Administrative Services, Inc. and Rental Insurance Services, Inc.  Plaintiff also alleges that EAN recently settled

---

[1] Although Plaintiff seeks to have the entire Answer struck from the record, it specifically challenges the validity of EAN's denials as found in paragraphs III-IX, XX-XXV, and XXVII-XXXIX of the Answer (rec. doc. 6).  These denials are in response to paragraphs 1-7, 18-23, and 25-37 of the Complaint (rec. doc. 4).

claims against the other driver in the accident in a state court proceeding.[2] In short, Plaintiff claims that EAN could not, in good faith, deny her allegations on the basis that it lacked knowledge or information sufficient to form a belief about the truth of the allegations because it had "enough knowledge to deny" her claims and those of the other driver (rec. doc. 7, at 2).

In opposition, EAN argues that it appropriately denied, in good faith, the relevant allegations on the basis that it lacked sufficient knowledge or information to form a belief about the truth of the allegations. EAN states that it was not a party to the state court proceeding against Mr. Thibodeaux, and is not otherwise "specifically privy" to information about the accident or the subsequent investigation (rec. doc. 9, at 6). EAN argues that Plaintiff's allegations detail her "specific actions, statements, observations, and/or recollections" and Plaintiff has failed to demonstrate that EAN has sufficient information regarding those allegations (rec. doc. 9, at 6). EAN further argues that Plaintiff has not established that she is prejudiced by the denials in the Answer. EAN suggests that discovery and further fact development is needed to "ascertain the possible truth of the allegations" contained in the Complaint (rec. doc. 9, at 7).

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike a defense are generally disfavored and are infrequently granted. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) ("Both because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted."). The

---

[2] That proceeding was filed on July 23, 2013 in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana: *Troy Thibodeaux v. Rental Insurance Services Inc., et al.*, No. 613982, Sec. 22.

decision to strike a pleading is within the discretion of the court.  Fed. R. Civ. P. 12(f); *NCO Fin. Sys., Inc. v. Harper-Horsley*, 2008 WL 2277843, at *2 (E.D. La. May 29, 2008).  A motion to strike defenses should not be granted unless the moving party demonstrates that denial of the motion would be prejudicial to the moving party.  *See Global Adr, Inc. v. City of Hammond*, 2003 WL 21146696 (E.D. La. May 15, 2003).  Finally, the court must deny a motion to strike if there is a question of law or fact regarding a particular defense.  *Soli v. Bruister*, 2012 WL 776028, at * 7 (S.D. Miss. Mar. 8, 2012).

      Having reviewed the relevant pleadings, the court is not convinced that any paragraphs in EAN's Answer are so insufficient that they should be struck from the pleading.  The court agrees with EAN that its denials for lack of sufficient information "all address allegations regarding specific actions, statements, observations, and/or recollections of the plaintiff, to which [EAN] could not be specifically privy and/or which will require further investigation and possible discovery in order to ascertain the specific facts therein."  The court finds no indication in the record that EAN's specific denials, and denials based on lack of knowledge or information, were not made in good faith.  *See* Fed. R. Civ. P. 8(b)(3), and (5); *see also* Fed. R. Civ. P. 11(b)(4) (submission of pleading to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information").  Furthermore, Plaintiff has made no showing that she will be prejudiced at this point in the proceeding by allowing the denials and defenses in EAN's Answer to remain pending discovery and further fact development.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Insufficient Answer of EAN Holdings, LLC (rec. doc. 7) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 27, 2013.

            **RICHARD L. BOURGEOIS, JR.**
            **UNITED STATES MAGISTRATE JUDGE**