UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARSHA A. WILLIS

CIVIL ACTION

VERSUS

EAN HOLDING, LLC, ET AL.

NO.: 3:12-cv-00760-BAJ-RLB

# RULING AND ORDER

Before the Court is Plaintiff Marsha A. Willis's ("Plaintiff") motion styled **MOTION FOR RECONSIDERATION (Doc. 50)**, requesting that the Court reconsider its February 19, 2014 Ruling and Order remanding this matter to state court. (*See* Doc. 49).

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, Federal Rule of Civil Procedure ("Rule") 59(e) provides that a party may file "[a] motion to alter or amend a judgment [within] 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff's motion was filed on the twenty-eighth day after this Court entered its order remanding this matter to state court. Accordingly, the Court will treat Plaintiff's Motion for Reconsideration as a Rule 59(e) Motion to Alter or Amend a Judgment.[1]

---

[1] Plaintiff filed the Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 28. (Doc. 50 at p. 1). However, Rule 28 concerns persons before whom depositions may be taken and thus, is inapplicable to the instant situation. Thus, the Court will assume that Plaintiff intended to file the instant motion pursuant to Rule 59(e).

The United States Court of Appeals for the Fifth Circuit has explained Rule 59(e)'s purpose and proper application as follows:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that *such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.* Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (emphasis added; quotation marks, citations, and alterations omitted).

The Court remanded this action to state court because Defendants failed to prove by a preponderance of the evidence that the amount in controversy was sufficient to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* Doc. 49). In the instant motion, Plaintiff summarily asserts that the Court's conclusion was incorrect because "[c]omplete diversity exists and the claims amount to more than the statutory requirement." (Doc. 50-1 at p. 2). Plaintiff further avers that her claims include "those amounts for which this litigant would be found liable if she is deemed liable to her clients for any shortcomings brought about the by defendants' pursuit of groundless and conflicting defenses and attempts to have the undersigned acquiesce due to the unethical tactics and pursuit of needless litigation." (Doc. 50 at pp. 8-9). Yet, Plaintiff cites no evidence of such tactics in the record, nor any support for the possibility of an award of damages for a claim of this kind. Finally, Plaintiff generally urges the Court to consider alleged constitutional

and civil rights violations as well as "other new and recent complaints" that were not included in the claims filed before the Court in deciding the instant motion.² (Doc. 50-1 at p. 1).

As the Court explained in its February 19, 2014 Ruling and Order, the law is quite clear that the existence of removal jurisdiction depends on the claims as they are stated "at the *time of removal*." (Doc. 49 at p. 14) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. `995) (emphasis added); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (same)). Moreover, as indicated above, a Rule 59(e) Motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79. Accordingly, the Court will not consider the addition of new claims by Plaintiff in her motion for reconsideration to support a determination that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a) (specifying that jurisdiction is satisfied only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs").

---

² Specifically, Plaintiff contends that jurisdiction is proper pursuant to 42 U.S.C. § 1988 because "the likilhood [sic] of a fair trial in the state district court is justly questioned and doubted." (Doc. 50-1 at p. 2). However, Plaintiff's Complaint did not allege any claims under 42 U.S.C. § 1988. (*See* Doc. 1-1). In support of this claim, Plaintiff discusses at length state court litigation that grew out of the same factual circumstances as the instant matter, in which she is a defendant, but she fails to explain the relevance of that dispute to the instant motion. (Doc. 50 at pp. 1-6). Plaintiff then offers reasons as to why "she will not be afforded a fair trial . . . in state district court," (Doc. 50 at p. 7), highlighting specific acts of alleged favorable treatment and an alleged lack of impartiality by a state district court judge. (Doc. 50 at pp. 7-8).

Thus, because Plaintiff has failed to show any "manifest error[] of law or fact" such that would cause this Court to reconsider its Order remanding this matter to state court, her motion for consideration must be denied. *Templet*, 367 F.3d at 478–79 (quotation marks omitted).

Accordingly,

**IT IS ORDERED** that Defendant's **MOTION TO RECONSIDER RULING AND ORDER (Doc. 50)**, is **DENIED**.

Baton Rouge, Louisiana, this 10th day of November, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**